Filed 10/22/13  P. v. Lundquist CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065136 |
| v. | (Super. Ct. Nos. BF141673A & BF141673B) |
| MARGARET KATHERINE LUNDQUIST et al., | **OPINION** |
| Defendants and Appellants. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant, Margaret Katherine Lundquist.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant, Katonya Lee Fisher.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Wiseman, Acting P.J., Poochigian, J., and Peña, J.

Appellant, Margaret Katherine Lundquist, was sentenced to a two-year local term after she pled no contest to second degree burglary (Pen. Code, § 460, subd. (b))[1] and admitted violating her probation in case No. RF006019B. Appellant, Katonya Lee Fisher, was sentenced to a 32-month prison term after she pled no contest to second degree burglary, admitted she violated her probation in case Nos. BM764446A, BF136477A, and RM037135A, and admitted allegations that she had a conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm both judgments.

## FACTUAL AND PROCEDURAL HISTORY

On April 19, 2012, at approximately 3:40 p.m., at a Kmart in Bakersfield, a loss prevention officer saw Lundquist pass a razor blade to Katonya Fisher, which Fisher used to cut the theft prevention cables on some cell phones. Lundquist then concealed the phones in her purse and both women exited the store without paying for them. Both women were arrested by police officers as soon as they exited the store. During a search of Lundquist's purse an officer found a concealed fixed-blade knife, a glass smoking pipe with white residue on it, stolen cosmetics, and three stolen phones.

On April 23, 2012, the district attorney filed a complaint charging Lundquist with second degree burglary (count 1), possession of a concealed dirk or dagger (count 2/§ 21310), receiving stolen property (count 3/§ 496, subd. (a)) and possession of drug paraphernalia (count 4/Health & Saf. Code, § 11364.1). Counts 1 and 3 also alleged that Lundquist personally used a razor blade (§ 12022, subd. (b)(1)) and personally used a knife (§ 12022, subd. (b)(1)) when she committed the offense alleged in each count.

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

2

The complaint charged Fisher with second degree burglary (count 1), receiving stolen property (count 3) and a personal use of a razor blade enhancement (§ 12022, subd. (b)(1)) with respect to each offense.

On May 4, 2012, Lundquist pled no contest to second degree burglary and admitted violating her probation in case No. RF006019B in exchange for the dismissal of the remaining counts and allegations against her, a stipulated term of two years' local time, and a concurrent term on her probation violation.

Also on that date the prosecutor amended the complaint to allege that Fisher had a prior conviction within the meaning of the three strikes law. Fisher then pled no contest to second degree burglary and admitted the prior conviction allegation and that she violated her probation in case Nos. BM764446A, BF136477A, and RM037135A in exchange for the dismissal of the remaining allegations against her, a stipulated prison term of 32 months on her burglary conviction, and concurrent time on the three probation violation cases.

On June 4, 2012, the court sentenced Lundquist to a two-year local term on her burglary conviction and a concurrent two-year term in case No. RF006019B. The court sentenced Fisher to a 32-month prison term on her burglary conviction in the instant case, the mitigated term of 16 months doubled because of Fisher's prior strike conviction, a concurrent midterm of two years on her criminal threats conviction (§ 422) in case No. BF136477A, and concurrent terms on her misdemeanor driving on a suspended license conviction (Veh. Code, § 14601.2, subd. (a)) in case No. RM037135A, and on her misdemeanor driving under the influence conviction in case No. BM764446A.

Lundquist's and Fisher's appellate counsel have each filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Neither

3

Lundquist nor Fisher have responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgments are affirmed.